UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL GALMAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> SYSCO FOOD SERVICES OF METRO NEW YORK, LLC; SYSCO CORPORATION; SHELLY BUDHAR, JOHN DOES 1-10; JANE DOES 1-10; and ABC CORPORATIONS A THROUGH Z, <br><br> Defendants. | Civ. No. 13-7800 (KM)(MAH) <br><br><br> **MEMORANDUM AND ORDER** |

The plaintiff, Daniel Galman, Jr., has asked the Court (Dkt. No. 46) to disallow a motion to dismiss by defendant Sysco Corporation and to telephone plaintiff's counsel with its decision. Galman seems to argue that the motion is untimely. I disagree, and will consider the motion.

The original complaint (Dkt. No. 1) was filed on December 23, 2013. It named three defendants: Sysco Food Services of Metro New York, LLC; Sysco Corporation Retirement Fund; and Shelly Budhar. I dismissed that complaint without prejudice. (Dkt. No. 33)

In his first amended complaint (FAC) (Dkt. No. 34-1), Galman replaced defendant Sysco Corporation Retirement Fund with defendant Sysco Corporation. Although Galman filed the FAC on May 5, 2015, he did not serve the new defendant, Sysco Corporation, until July 13, 2015. (There is no indication that Galman ever requested that Sysco Corporation waive service under FED. R. CIV. P. 4(d)). In the meantime, the other two defendants, Sysco Food Services of Metro New York, LLC and Shelly Budhar, filed a motion to dismiss the FAC (Dkt. No. 35). After the remaining defendant, Sysco Corporation, was served, it filed a separate motion to dismiss (Dkt. No. 44) on August 3, 2015.

1

Galman asks this Court (Dkt. No. 46) to "disallow" Sysco Corporation's motion to dismiss. He argues that the "Defendants" were "put on notice" by the FAC and that any arguments pertaining to Sysco Corporation should have been included in the other two defendants' motion to dismiss (Dkt. No. 35). (*See* Dkt. No. 46, 2)

Federal Rule of Civil Procedure 12(a)(1)(A)(i) gives a defendant 21 days from when it is served with a summons to file either a responsive pleading or (as in this case) a responsive motion. Here, Sysco Corporation was served a summons on July 13, 2015. It therefore had until August 3, 2015, to file an answer or other motion. Sysco Corporation timely filed its motion to dismiss (Dkt. No. 44) on August 3, 2015. Sysco Corporation could, in theory, have waived service and had time to join the other two defendants' motion to dismiss. (Dkt. No 33) Nothing in the federal rules, however, required Sysco Corporation to do so—especially absent any request from Galman. Because Sysco Corporation was not required to join the prior motion in advance of being served, it would not be fair or sensible now to deny Sysco Corporation the opportunity to file a motion to dismiss. The motion may or may not be granted, but in general I prefer to reach the merits and will not lightly grant motions to strike pleadings, "disallow" motions, and the like, which are often a waste of the parties' and the court's time and resources.

> For these reasons, **IT IS** this 12th day of August 2015 **ORDERED** that Galman's request (Dkt. No. 46) that the Court disallow Sysco Corporation's motion to dismiss (Dkt. No. 44) is **DENIED**. Should Galman wish to oppose that motion, he may do so by **SEPTEMBER 3, 2015**. Should Sysco Corporation wish to file a reply brief, it may do so by **SEPTEMBER 10, 2015.**

/s/ Kevin McNulty

Kevin McNulty
United States District Judge

2